## 61600. UNITED STATES OF AMERICA v. MURRAY.

CARLEY, Judge.

Resolution of the issues presented in the instant garnishment case requires that we interpret federal law and apply that interpretation to a rather complex set of underlying facts.

38 USCA § 3105 provides in part: "Any person who is receiving pay pursuant to any provision of law providing retired or retirement pay to persons in the Armed Forces, . . ., and who would be eligible to receive pension or compensation under the laws administered by the Veterans' Administration if he were not receiving such retired or retirement pay, shall be entitled to receive such pension or compensation upon the filing by such person with the department by

which such retired or retirement pay is paid of a waiver of so much of his retired or retirement pay as is equal in amount to such pension or compensation." 42 USCA § 659 (a) provides: "[M]oneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States . . . to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States . . . were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." 42 USCA § 662 (f) (2) defines the parenthetical phrase in 42 USCA § 659 (a) (1) insofar as it is relevant in the instant appeal as follows: "Entitlement of an individual to any money shall be deemed to be 'based upon remuneration for employment,' if such money consists of—. . . periodic benefits . . . or other payments to such individual under . . . any other system or fund established by the United States . . . which provides for the payment of . . ., retirement or retired pay, . . . (not including . . . any payments by the Veterans' Administration as compensation for a service-connected disability . . ., except any compensation paid by the Veterans' Administration to a former member of the Armed Forces who is in receipt of retired or retainer pay if such former member has waived a portion of his retired pay in order to receive such compensation) . . ."

Talmadge Murray retired from the United States Army on February 1, 1970 and began receiving retirement pay exclusively from the Army. The United States apparently concedes that this retirement pay would have been subject to garnishment under the applicable federal law as money to which Murray was entitled "based upon remuneration for employment." Subsequently Murray applied to the Veterans' Administration (VA) for compensation because of a service-connected disability. Murray was found to be entitled to VA disability benefits but in an amount less than the retirement pay he was receiving from the Army. Since there was a tax advantage to receiving the VA benefits, pursuant to 38 USCA § 3104 (a) (1) Murray accordingly waived his right to so much of his Army retirement pay as was equal to his VA disability benefits. Thereafter Murray began receiving a combination of retirement pay from the Army and disability benefits from the VA. The United States apparently also concedes that this combination of Army and VA benefits would have been subject to garnishment under applicable federal law because, even though VA compensation for a service-connected disability is generally *not* to be considered money the entitlement to which is "based upon remuneration for employment" under 42 USCA § 662 (f) (2), the *exception* to this statutory exclusion is when those benefits

are paid to a former member of the armed forces "who is in receipt of retired or retainer pay *if such former member has waived a portion of his retired pay* in order to receive such [VA] compensation." (Emphasis supplied.) Thus, according to the United States the entirety of the combination Army and VA benefits received by Murray, who had waived a portion but not all of his Army retirement in order to receive VA benefits, would have been garnishable under 42 USCA § 662 (f) (2). Subsequently at a point when Murray was receiving $686.75 a month in combination Army-VA benefits, the VA disability benefits to which Murray was entitled increased to an amount in excess of his total Army retirement compensation. Therefore, Murray waived his entitlement to all of his Army retirement pay in the amount of $686.75 a month in order to receive a larger and more tax-advantageous VA disability payment of $922 a month. 38 USCA § 3104 (a) (1). Thereafter Murray received exclusively VA disability benefits, having waived his entitlement to any Army retirement in order to obtain it.

In 1977 Murray and appellee were divorced. Appellee was awarded permanent alimony. Murray, however, failed to meet his monthly alimony obligation to appellee. Appellee instituted a garnishment proceeding naming the United States as garnishee. At this time Murray was receiving the VA disability payments exclusively. The United States, contending that the $922 a month it was paying Murray represented only VA disability benefits and that Murray had not waived a *portion* but all of his Army retirement pay to receive those VA benefits, answered that it was not paying Murray any compensation which was subject to garnishment as defined under 42 USCA § 662 (f) (2). Appellee traversed this answer. The trial court sustained appellee's traverse, held that the VA disability benefits were subject to garnishment and ordered the United States to pay the appropriate sum into court. This order sustaining appellee's traverse and finding the VA benefits subject to garnishment was appealed to this court by the United States. That appeal was voluntarily dismissed by the United States, however, and the funds paid into court.

In May of 1978 another garnishment proceeding was instituted by appellee in which the United States was again named as garnishee. The United States removed the garnishment proceeding from the municipal court to federal court. The federal district judge agreed with the interpretation of 42 USCA § 662 (f) (2) advanced by the United States and held that since Murray was no longer in receipt of retired pay and had waived *all* rather than a portion of his Army retirement in order to receive VA disability benefits, his "compensation" was not subject to garnishment. On appeal,

however, this judgment was vacated by the Fifth Circuit on the ground that the proceedings had been improperly removed to federal court and the case was accordingly remanded to the municipal court. Murray v. Murray, 621 F2d 103 (5th Cir. 1980).

After remand, the municipal court again sustained appellee's traverse and ordered the appropriate amounts paid into court. It is from this order that the United States appeals in the instant case.

To reiterate, the position of the United States is, in essence, that 42 USCA § 662 (f) (2) envisions two different situations which can exist when a member of the armed forces retires with a disability. The first situation under the United States' interpretation of the statute occurs when the veteran is eligible to receive retirement pay from his branch of the service in an amount greater than the disability benefits to which he would be entitled from the VA. In this situation it is contemplated that the veteran would waive a portion of his service retirement to the extent that an identical amount of disability benefits would be received from the VA; the balance would continue to be received in the form of service retirement pay. The veteran would then be receiving payments from both his former branch of the service *and* the VA and the totality of the combined payments would be subject to garnishment under 42 USCA § 662 (f) (2) because he was continuing to receive retirement pay, only a portion of which had been waived in order to receive the VA benefits. The second situation contemplated by the United States in its interpretation of 42 USCA § 662 (f) (2) occurs when the veteran would be eligible to receive VA benefits in an amount greater than he would receive in retirement from his service branch. In such a situation the veteran would have to waive *all* of his service retirement pay in order to receive the more desirable VA disability benefits. The veteran would, therefore, be receiving only VA disability and, under the United States' interpretation of the statute, that amount would not be subject to garnishment because the veteran would no longer be receiving service retirement pay, having waived all and not merely a portion of it in order to receive the VA benefits. The United States contends that this is the "only reasonable interpretation" of 42 USCA § 662 (f) (2) to effectuate the "obvious intent of Congress . . . to protect from garnishment the compensation received by a veteran for a service-connected disability."

We agree with the United States that the intent of the statute is to protect VA service-connected disability benefits from garnishment. However, this is true only insofar as it goes, for it is beyond question that it is likewise the intent of § 42 USCA § 662 (f) (2) that service retirement pay *is to be* subject to garnishment. The interpretation of the statute urged by the United States would be

totally inconsistent with this obvious intent of the statute and would have the rather anomalous result of excluding from garnishment the entirety of a sum even though a portion thereof is received only on condition of waiver of compensation which clearly would be subject to garnishment. By way of illustration, the United States' interpretation would mean that Murray's original $686.75 in compensation would be subject to garnishment because it was a combination of the greater Army retirement and the lesser VA benefits. On the other hand, no part of the $922 Murray now receives would be subject to garnishment even though in order to receive this amount of greater VA disability benefits Murray had to waive the amount of the lesser Army retirement, $686.75, the entirety of which would have been subject to garnishment. Surely Congress did not intend that the lesser amount of compensation be subject to garnishment and that the entirety of the greater — which is also a combination of waived retirement pay and VA disability benefits — be totally exempt. We think that the true intent of this federal statute is to establish that "[i]nsofar as disability benefits replace retirement pay waived as a condition of receipt, they perform the same functions as retirement pay." In re Marriage of Milhan, 613 P2d 812, 817 (Calif. 1980). In short, when VA disability is received only on condition that retirement pay be waived, those VA disability benefits are, to the extent of that waiver, treated as retirement pay. It follows that to the extent that VA disability replaces "waived" retirement, it is subject to garnishment under 42 USCA § 662 (f) (2). Under this interpretation it would, as is conceded by the United States, be true that if service retirement exceeds VA disability, the entirety of the combined compensation would be subject to garnishment, the amount of VA disability thus received having replaced waived retirement which would otherwise be subject to garnishment. On the other hand, if VA disability benefits exceed the amount of service retirement only that portion of the VA compensation thus received which represents the amount of waived retirement pay would be subject to garnishment, as it is only to that extent that VA disability has replaced waived garnishable retirement pay. It is thus seen that under this interpretation of 42 USCA § 662 (f) (2), which we believe gives effect to the true intent of Congress, *an amount equal to but never exceeding the veteran's retirement pay* would always be subject to garnishment for child support or alimony whether it was received in the form of actual service retirement compensation or of VA disability benefits received only after the veteran had waived his entitlement to an equal amount of otherwise garnishable retirement pay or of a combination of both service retirement and VA benefits. We believe this construction is mandated in order to effectuate the

*overall* intent of the federal statute to exclude the usual VA disability benefits but to include service retirement in the definition of "compensation" which is subject to garnishment. In the instant case, it would mean that the entirety of Murray's original $686.75 was subject to garnishment, as it represented a combination of actual garnishable service retirement and VA disability benefits received on condition that an equal amount of otherwise garnishable retirement be waived. Only $686.75 of the $922 VA disability benefits Murray now receives would be subject to garnishment as it is only that amount which represents waived retirement compensation, the excess being truly nongarnishable VA disability benefits received without a commensurate waiver of retirement. This analysis gives effect to the true intent of Congress and effectuates the purpose of 42 USCA § 659 et seq. which is to facilitate rather than frustrate garnishment against the United States as a means of enforcing lawful obligations for the payment of child support and alimony. See Iowa-Des Moines Nat. Bank v. United States, 414 FSupp. 1393 (D. C. Iowa 1976). The interpretation urged by the United States would be in controvention of this intent and purpose and we decline to adopt it.

The judgment of the trial court sustaining appellee's traverse is therefore affirmed insofar as it orders the United States to answer into court such amounts of Murray's VA disability benefits as replaced his waived service retirement pay.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 10, 1981 —

*Denver L. Rampey, Jr., United States Attorney, Gregory J. Leonard, Assistant United States Attorney,* for appellant.
*John P. Partin,* for appellee.