**Zulma SANCHEZ DIEPPA, Plaintiff,**

v.

**Carlos RODRIGUEZ PEREIRA, Defendant,**

v.

**VETERANS ADMINISTRATION, Charles Freeman, Manuel Saleta and Maritza Anaya, Petitioners.**

**Civ. No. 83–3006 (TR).**

United States District Court, D. Puerto Rico.

Feb. 22, 1984.

Ernestina Rodríguez, Caguas, P.R., for plaintiff.

José M. Pizarro Zayas, Asst. U.S. Atty., Hato Rey, P.R., for petitioners.

Frank Valentín González, Juncos, P.R., for defendant Carlos Rodríguez-Pereira.

OPINION AND ORDER

TORRUELLA, Chief Judge.

The Plaintiff, Zulma Sánchez Dieppa, is the former wife of Defendant, Carlos Rodríguez Pereira. The parties were divorced by decree rendered in the Superior Court of Puerto Rico, Caguas Part, (State Court). In the final judgment entered in the matter, the amount of $200.00 was set as child support obligation of Defendant.

The State Court ordered the Veterans Administration to deduct said amount of $200.00 per month, from the benefits payed to Defendant-veteran Carlos Rodríguez Pereira. The Veterans Administration did not carry out the aforementioned order and a hearing to show cause why it should not be found in contempt was held. At the hearing the Veterans Administration argued that according to the provisions of Section 3101 of Title 38 of United States Code (38 U.S.C. § 3101) and Section 662(f) of Title 42 of the United States Code (42 U.S.C. § 662(f)) any pension or compensation received by a veteran from the Veterans Administration was exempt from attachment, bond, taxes, collection discount or any other form of legal procedures. Notwithstanding the above, the State Court issued a Resolution specifically ordering the Veterans Administration and three of its officers to deduct the amount of $200.00 from the pension of Defendant-veteran Carlos Rodríguez Pereira. The resolution further states that non-compliance by one

or all of those mentioned in the order could be reason enough to hold them in civil and/or criminal contempt. It should be noted that Defendant at one time received military retirement pay, but subsequently elected to waive all of said retirement pay in order to receive service connected disability compensation from the Veterans Administration.

These proceedings were properly removed to this Court inasmuch as the resolution from the State Court exposed Petitioners to civil and criminal contempt for official acts. 28 U.S.C. § 1442(a)(1). The issue before us is whether the monies received by Defendant from the Veterans Administration are subject to garnishment.

Section 3101(a) of Title 38 of the United States Code (38 U.S.C. § 3101(a)) provides:

(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, *shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by* the beneficiary ..." (Emphasis supplied).

The above statute leaves no grounds for any other interpretation and it is clear that it was the intention of Congress to exempt the Veterans Administration benefits from *any* claim, attachment, levy, seizure or any other process whatsoever, either before or after receipt by the beneficiary.

This power of Congress to bar the garnishment of veteran benefits and provide for the exceptions of Section 3101, *supra*, are based on the principles of sovereign immunity. See *Buchanan v. Alexander*, 45 U.S. (4 How) 20, 11 L.Ed. 857 (1846); *Smith v. Jackson*, 246 U.S. 388, 38 S.Ct. 353, 62 L.Ed. 788 (1918); *Applegate v. Applegate*, 39 F.Supp. 887 (E.D.Va.1941).

Aware of the rights of children and spouse to receive support and maintenance, Congress partially removed this barrier of sovereign immunity when approving Public Law 93–647 in 1975, popularly known as the "Child Support Enforcement Act", now codified as 42 U.S.C. Sections 651 *et seq.* Section 659(a), *supra*, as amended provides:

"Notwithstanding any other provisions of law, effective January 1, 1975, money *(the entitlement to which is based upon remuneration for employment)* due from, or payable by, the United States or the District of Columbia (including any agency, subdivision or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." (Emphasis supplied).

Although the United States has made itself subject to garnishment proceedings for enforcement of legal obligation to provide child support, Section 659(a) is limited and applies only *when money due is for remuneration of employment,* and that does not reflect intent to remove sovereign immunity in areas not specifically provided for. See *Brockelman v. Brockelman*, 478 F.Supp. 141 (D.Kan.1979). In 1977 (Public Law 95–30), Congress added several new sections which clarified the previous waiver of sovereign immunity, including the definition of the term "based upon remuneration of employment." This amendment, now codified as 42 U.S.C. Section 662(f), exempts from garnishment" ... any payments by the Veterans Administration as compensation for a service-connected disability or death, except any compensation paid by the Veterans Administration to a former member of the Armed Forces who is in receipt of retired or retainer pay if such former member has waived a *portion* of his retired pay in order to receive such compensation ..." (Emphasis added). In this case Defendant, Rodríguez Pereira is entitled to military retirement pay, but he has waived *all* of such military retirement

pay and receives only Veterans Administration compensation for his service connected disability.

The Office of Personnel Management (OPM) the federal agency responsible for administering the "Child Support Enforcement Act", has adopted a regulation pertaining to the garnishment of Veterans Administration disability compensation benefits. See 5 C.F.R. Part 581.

The regulation was recently amended to clarify that where the *entire* amount of military retirement pay has been waived and the veteran is no longer in receipt of such pay, his or her disability compensation is *not* subject to garnishment. See 48 Fed. Reg. 26279 (1983) (to be codified in 5 C.F.R. Part 581).

In the case at bar Defendant-veteran waived *all* of his retirement pay from the armed services, not a portion, as contemplated by 42 U.S.C. § 662(f). Thus we conclude that Defendant's disability compensation is not garnishable and that the Resolution of the State Court, dated November 15, 1983, in the case of *Zulma Sánchez Dieppa v. Carlos Rodríguez Pereira,* Civil Number RF–81–2331, is contrary to Federal law.

Therefore, this Court grants the Motion of the United States on behalf of the Veterans Administration and its three officers, sets aside the Resolution of the Superior Court of Puerto Rico, and quashes the writ of garnishment and contempt order issued by said Superior Court on November 15, 1983.

In view thereof, this matter is remanded to the Superior Court of Puerto Rico for action consistent with this proceeding.

IT IS SO ORDERED.