**VETERANS' ADMINISTRATION, Appellant,**

v.

**Milagros Lingad KEE, Appellee.**

**No. 07–84–0091–CV.**

Court of Appeals of Texas, Amarillo.

May 29, 1985.

Rehearing Denied June 18, 1985.

Veterans Admin., D. Keith Rollins, Waco, U.S. Atty., Paulina Jacobo, Asst., Lubbock, for appellant.

Montgomery, Stephens & Crawford, Kerwin B. Stephens, Graham, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

This appeal arises out of an action brought by appellee Milagros Lingad Kee against Henry Roland Kee in which she sought enforcement of an order for child support and alimony rendered in a divorce action between the parties in the State of Washington. Appellee also sought to garnish monthly benefits payable to Mr. Kee for service-connected disabilities by appellant Veterans' Administration (VA). The trial court found Mr. Kee to be delinquent in the amount of $3,456.30, garnished "50% of the amount of retired pay that HENRY ROLAND KEE is entitled to receive but for his waiver of those benefits," and ordered that the garnished amounts be paid each month until the $3,456.30 was paid. We affirm the order of the trial court.

■ Mr. Kee was discharged from the United States Army on April 4, 1979 and was awarded retirement benefits in the amount of $520.48 per month. It is uncontroverted that this retirement pay would, under applicable federal law, be subject to garnishment for payment of child support or alimony obligations. Mr. Kee became entitled to receive disability compensation from the VA in an amount larger than his retirement benefits. Federal law does not permit receipt of VA pensions in addition to retirement benefits. 38 U.S.C.A. § 3104(a)(1) (West Supp.1985). However, if desired, an individual may waive payment of all or a portion of his retirement benefits in order to receive VA disability compensation. *See* 38 U.S.C.A. § 3105 (West 1979). Mr. Kee chose to waive all of his retirement benefits in order to receive a larger disability pension.

In 42 U.S.C.A. § 659(a) (West 1983), Congress saw fit to provide for a limited waiver of the general immunity of the United States from garnishment and similar proceedings, to allow enforcement of child support and alimony obligations. That statute provides:

Notwithstanding any other provision of law (including section 407 of this title) effective January 1, 1975, moneys (*the*

*entitlement to which is based upon remuneration for employment*) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments. [Emphasis added.]

42 U.S.C.A. § 662(f)(2) (West Supp.1985), in material part, provides:

Entitlement of an individual to any money shall be deemed to be "based upon remuneration for employment", [sic] if such money consists of ... periodic benefits ... or other payments to such individual under ... any other system or fund established by the United States ... which provides for the payment of ... retirement on retired pay ... (not including ... any payments by the Veterans' Administration as compensation for a service-connected disability ..., except any compensation paid by the Veterans' Administration to a former member of the Armed Forces who is in receipt of retired or retainer pay *if such former member has waived a portion of his retired pay* in order to receive such compensation).... [Emphasis added.]

The question presented in this appeal is whether Mr. Kee's waiver of all, rather than part, of his retirement pay prevented Mrs. Kee from garnishing any part of Mr. Kee's disability pension for payment of delinquent child support or alimony payments. In its one point of error, appellant contends that the question should be answered in the affirmative.

Subsequent to the filing of this action, but prior to the trial court's order in this case, the Office of Personnel Management, the federal agency responsible for administering the "Child Support Enforcement Act," adopted a regulation relevant to the garnishment of VA disability compensation benefits. That regulation provides:

Payments of disability compensation by the Veterans [sic] Administration to an individual whose entitlement to disability compensation is greater than his/her entitlement to retired pay, and who has waived all of his/her retired pay in favor of disability compensation, are not subject to garnishment or other attachment under this part.

48 Fed.Reg. 26,279 (1983) (to be codified at 5 C.F.R. § 581.103(c)(4)(iv)).

Appellant contends that this regulation is required to be judicially noticed by us and "unequivocally removes any question about the immunity of VA compensation benefits from garnishment." We reject any argument that such an administrative interpretation of the meaning of a statute would bind any court of appropriate jurisdiction or deprive that court of authority to consider and interpret statutory meanings and implications. Indeed, one of the primary reasons for the existence of the judicial branch of government is to perform exactly that function. To hold otherwise would be to emasculate the authority of the judiciary, the third, separate, co-equal branch of government, and give primacy to bureaucratic edict, thereby destroying the system of checks and balances which is the special characteristic of, and so important to, the framework of our government.

■ A regulation such as this is not binding upon a court. It represents an administrative view as to the meaning and construction of the pertinent statute. As such it represents a source material which a court might and should consider in its determination of the meaning of the statute. However, the weight to be given by the court to such an administrative view is a matter solely within its discretion and depends upon such factors as the thoroughness evident in its consideration, the validity of the reasoning implicit therein and other such considerations. *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944).

This appears to be a case of first impression in Texas. Appellant places strong reliance upon the holding of our *Supreme Court in Ex Parte Johnson*, 591 S.W.2d 453, 455 (Tex.1979) that disability payments such as these are in the nature of a gratuity and therefore are not community property subject to division upon divorce. However, that decision is not of help in determining the question before us, *i.e.,* whether the federal statute specifically authorizing a proceeding such as this is applicable to the facts here presented.

There are two cases in which the courts were confronted with a question similar to that here presented and came to different conclusions. In *Sanchez Dieppa v. Rodriguez Pereira*, 580 F.Supp. 735 (D.P.R. 1984), a veteran had also waived all of his retirement pay in order to receive service-connected disability pay. That court concluded that the payments were not subject to garnishment. En route to that decision, the court noted the regulation referred to above and with very little discussion of the parties' contentions or the legal history of the applicable statutes, concluded that because the "Defendant-veteran waived *all* of his retirement pay from the armed services, not a portion, as contemplated by 42 U.S.C. § 662(f)," the disability compensation was not garnishable. (Emphasis in original.) *Id.* at 737. On the other hand, in the earlier case of *United States v. Murray*, 158 Ga.App. 781, 282 S.E.2d 372 (1981), the Georgia court, presented with a similar situation, came to the conclusion that such disability benefits were subject to garnishment. In reaching that decision, the court pointed out that to accept such a contention as that advanced by appellants here "would have the rather anomalous result of excluding from garnishment the entirety of a sum even though a portion thereof is received only on condition of waiver of compensation which clearly would be subject to garnishment." *Id.* at 375.

In support of its position, appellant points out that military retirement pay is contractual in nature and, being based upon achieved rank and years of service, is based solely on employment. On the other hand, disability compensation is based solely on percentage of disability and is a gratuity that could be withdrawn by Congress at any time. Because of that difference, it says, there are valid reasons for making a distinction between a situation where the veteran has waived only a part of his retirement pay and one where all of such pay has been waived.

Appellant points out the general intent of Congress that VA disability payments should be free from garnishment. In a situation where the veteran has waived only part of his retirement pay, he continues to receive some compensation based upon remuneration for employment and therefore subject to garnishment. However, in a situation such as here presented, when the veteran has waived all of his retirement pay, he is receiving only a VA disability pension which is a gratuity intended by Congress for the benefit of that veteran and therefore not subject to garnishment.

Moreover, it argues, there is another valid basis for recognizing a distinction. As we understand that argument, it says that situations where only a part of retirement benefits is waived would ordinarily involve a "high-ranking career officer." The reason for this conclusion, it says, is because the retirement pay of such a person would in all probability be higher than any disability pension he could receive from the VA. It reasons that since retirement pay is subject to income tax and disability benefits are not, the "high-ranking career officer" receiving retirement pay exceeding his disability payments is more likely to execute a partial waiver of the retirement pay equal to the disability payments, in order to receive the tax benefit. The individual waiving all of his retirement pay, on the other hand, is more likely to be receiving less money and would be less able to withstand the financial effect of garnishment actions. We cannot agree. If assumptions are permissible, it is equally reasonable to assume that court-mandated obligations were as-

sessed with regard to an individual's financial and other circumstances.

We agree that it is the general intent of Congress that VA disability pensions should be free from garnishment. However, for the salutary purpose of aiding in the enforcement of legally ordained alimony and child support obligations, Congress has seen fit to provide the exception to that general rule by the enactment of 42 U.S.C.A. § 662(f)(2). It is obvious that the intent of Congress in the adoption of that statute was remedial. It determined that it was socially desirable to aid in the collection of court-imposed child support and alimony obligations where garnishable retirement benefits had, by act of the veteran, been converted into hitherto non-garnishable disability pensions. We recognize the existence of a procedure within the VA whereby a former spouse may make an administrative application for allocation of child support and, upon proof of financial need satisfactory to the VA, obtain such an allocation. However, we believe the intent of Congress was to allow the garnishment proceeding where court-recognized need had been established in order to prevent the additional delay and cost of such an administrative process.

■ It is axiomatic that in statutory interpretation, the courts should enforce a statute in such a manner that its purpose be achieved even if the words used leave room for a contrary interpretation. *Haberman v. Finch*, 418 F.2d 664, 666 (2d Cir. 1969) (citing *Markham v. Cabell*, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945)). To accept appellant's interpretation would be to allow an individual by his own act to evade the Congressional intent that he pay legally mandated family support obligations.

■ In summary, we agree with the Georgia court that the true intent of the statute is that insofar as disability payments replace retirement pay waived as a condition of receipt, they perform the same functions as that retirement payment. It necessarily follows, and we hold, that to the extent that VA disability benefits re-

place "waived" retirement pay, they are subject to garnishment under 42 U.S.C.A. § 662(f)(2). We believe that this result gives effect to the evident intent of Congress and the true purpose of 42 U.S.C.A. § 659 *et seq.*, that purpose being to facilitate garnishment against the United States as a means of enforcing lawful obligations for the payment of child support. To hold otherwise would be to frustrate that desirable objective and to aid in the evasion of that most important obligation.

The judgment of the trial court represents a correct application of the holding of this Court. Therefore, appellant's point of error is overruled and the judgment of the trial court affirmed.