**VETERANS ADMINISTRATION, Petitioner,**

v.

**Milagros Lingad KEE, Respondent.**

**No. C–4376.**

Supreme Court of Texas.

March 5, 1986.

D. Keith Rollins, Veterans Admin., Office of Dist. Counsel, Waco, Marvin Collins, U.S. Atty., Roger McRoberts, Office of U.S. Atty., Lubbock, for petitioner.

Kerwin B. Stephens, Montgomery, Stephens and Crawford, Graham, John Collier, Lubbock, for respondent.

WALLACE, Justice.

This appeal arises from an attempt by Milagros Kee to garnish Veterans Administration disability benefits payable to her ex-husband Henry Kee. Mr. and Mrs. Kee were divorced in the State of Washington and he subsequently moved to Texas. Mr. Kee was found by the Texas trial court to be delinquent in child support and alimony payments in the amount of $3,456.30. The trial court ordered garnishment of a portion of Mr. Kee's disability benefits each month until $3,456.30 is paid. The court of appeals affirmed the judgment of the trial court. 692 S.W.2d 181. We reverse the judgments of the court of appeals and the trial court and render judgment for the Veterans Administration.

■ The question of whether disability benefits are subject to garnishment is controlled by federal law. As a general rule, government entities are immune from garnishment. Congress, however, provided for limited waiver of that immunity by enacting 42 U.S.C. § 659(a) (Supp.I 1983) which states in pertinent part:

Notwithstanding any other provision of law ... moneys (the entitlement to which is based upon *remuneration for employment*) due from, or payable by, the United States ... shall be subject ... to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments. (Emphasis added).

Two years later, Congress enacted 42 U.S.C. 662(f)(2)(1982) which expressly excludes veterans disability benefits from moneys received from employment:

... except any compensation paid by the Veterans' Administration to a former member of the Armed Forces who is in

receipt of a retired or retainer pay if such former member has waived *a portion* of his retired pay in order to receive such compensation.

Mr. Kee waived *all* his military retirement pay in order to receive a larger amount as Veterans Administration disability benefits.

The question for us is whether Mr. Kee comes within the purview of that part of 42 U.S.C. 662(f)(2) which states that when a veteran waives *a portion* of his retirement benefits the disability benefits received therefore become subject to garnishment. To put it another way, the question is whether *a portion* is synonymous with *all*, as urged by Mrs. Kee.

The Veterans Administration distinguishes the two situations by analogy between a high ranking career officer who has waived a portion of his taxable retirement benefits in order to receive a like amount of non-taxable disability benefits, and a lower ranking or medically disabled veteran who waives all of his retirement benefits in order to receive a greater amount in disability benefits. In the case of the high ranking officer, the Veterans Administration contends that it is likely he would be receiving retirement benefits in excess of the maximum disability benefits; therefore only a portion of the retirement benefits would be waived and the remaining portion would thus be subject to garnishment. The Veterans Administration further contends that the lower ranking or medically disabled veteran would be drawing a much lower retirement benefit and thus would be more likely to waive all of those retirement benefits in order to get a greater amount in disability benefits. The Veterans Administration argues that this would be in keeping with the congressional policy that disability benefits are strictly for the benefit of the veteran.

In order to resolve this question, it is necessary to examine the congressional intent behind 42 U.S.C. 659(a); 42 U.S.C. 662(f)(2); *regulations* issued by the Office of Personnel Management, the agency charged with enforcing the Federal Child Support Act, 5 C.F.R. 581.103(c)(4)(iv)

(1985); and the Veterans Administration procedure for apportioning disability benefits to the minor children of a disabled veteran who does not live with the veteran, 38 C.F.R. Ch. 1, § 3.450 (1985). Section 659(a) clearly indicates the intent of Congress to make current wages (entitlement based upon remuneration of employment) subject to garnishment for the limited purpose of paying court ordered child support and alimony. This Act became law in 1975. Two years later Congress passed § 662(f)(2) which extended benefits subject to garnishment to disability benefits in cases where the veteran has waived *a portion* of his retirement benefits in order to be eligible for disability benefits. Following the enactment of the latter Act, the Office of Personnel Management promulgated 5 C.F.R. § 581.103(c)(4)(iv) which states that if a veteran waived all of his retirement benefits in order to receive disability benefits the disability benefits are not subject to garnishment to pay child support or alimony. The Veterans Administration has also promulgated 38 C.F.R. Ch. 1, § 3.450 et seq., which provides for apportionment of a veteran's disability benefits to his minor children upon proper application and proof of need.

We note that Mr. Kee is also receiving Social Security benefits, which are subject to garnishment by federal law, and a part of which has been garnished by Mrs. Kee in an amount in excess of the monthly child support and alimony ordered by the Washington trial court.

■ When we consider all of the above statutes and regulations, we find an intent on the part of Congress to provide for the payment of child support. At the same time, Congress intended to assure that disabled veterans would have secured to them their disability benefits to the extent necessary to take care of their essential needs. To accomplish this intent, Congress provided that retirement benefits, defined as current wages, are subject to garnishment for the payment of child support and alimony. Congress further provided that if a veteran receiving retirement benefits elects to fore-

go *a portion* of those retirement benefits to get a like amount of tax free disability benefits, those disability benefits so acquired are subject to garnishment for the payment of child support and alimony.

We hold that this particular wording of the statute secures to a disabled veteran certain rights. If his retirement benefits do not equal or exceed the maximum disability benefits, he has the right to waive all the retirement benefits. This allows the veteran to get the higher amount in disability benefits, without making those benefits subject to garnishment. This is consistent with the holding of the United States Supreme Court that statutes waiving immunity are to be strictly construed, *McMahon v. U.S.*, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 (1951), and with the holding of this court that disability benefits are solely for the use of the disabled veteran. *Ex Parte Johnson*, 591 S.W.2d 453, 456 (Tex. 1979).

Pursuant to the above reasoning, the Office of Personnel Management issued its regulation stating that disability benefits would not be subject to garnishment if the veteran waived all his retirement benefits in order to receive the disability benefits. This is an interpretive regulation as opposed to a legislative regulation and as such does not have the effect of a statute. However, in interpreting a statute, the court will give great deference to a regulation interpreting the statute if that regulation is issued by a governmental agency charged with administration of the statute. *General Electric Credit Corp. v. Smail*, 584 S.W.2d 690 (Tex.1979); *see also, Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

Further evidence of the congressional intent that § 662(f)(2) should be a narrow exception to the prohibition of garnishment of disability benefits is the apportionment procedure of the Veterans Administration found in 38 C.F.R. Ch. 1, § 3.450 et seq. Those procedures are available in instances where the veteran's disability benefits are essential for support of his minor children.

In light of the legislative and regulatory scheme set out above, we hold that disability benefits received by a veteran in return for his having waived all his retirement benefits are not subject to garnishment for the payment of child support and alimony.

The judgments of the court of appeals and the trial court are reversed and judgment is rendered that Milagros Kee be denied garnishment against the Veterans Administration.

GONZALEZ, J., dissents.

GONZALEZ, Justice, dissenting.

I respectfully dissent. Congress never intended to provide veterans with a mechanism to avoid their child support obligations. The majority's acceptance of the VA's interpretation of 42 U.S.C. § 662(f)(2) ignores the public policy in favor of making parents accountable for support of their children. I am of the opinion that to the extent disability benefits replace retirement benefits, they can be garnished.

I would affirm the judgment of the court of appeals.