

# NUMBER 13-24-00356-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

UNITED CONCERTS INTERNATIONAL,                                    Appellant,

v.

THE CITY OF HIDALGO, TEXAS
MUNICIPAL FACILITIES CORPORATION
D/B/A PAYNE ARENA,                                                Appellee.

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

In this garnishment proceeding concerning a domesticated foreign judgment, appellant United Concerts International (UCI) argues the trial court erred by granting a plea to the jurisdiction filed by appellee the City of Hidalgo, Texas Municipal Facilities Corporation d/b/a Payne Arena (MFC). We affirm.

## I.  BACKGROUND

UCI is a concert promoter based in New York. Payne Arena is a 7,000-seat event center located in Hidalgo, Texas. On May 11, 2022, "UCI F/S/O Bigga Baggariddum Tour" and "Payne Arena" entered into a contract relating to the performance of a concert at the arena on September 8, 2022. The contract was signed by a purported authorized representative of "UCI F/S/O Bigga Baggariddum Tour" and by Eric Trevino on behalf of "Payne Arena." A conflict arose, and UCI initiated arbitration proceedings against "Payne Arena" in New York. The arbitrator awarded UCI $52,765 plus interest, and a New York trial court confirmed the award and rendered judgment on it.

UCI domesticated the judgment in Texas by filing it, along with the required affidavit, with the Hidalgo County Clerk. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.003–.004. UCI then filed an "Application for Writ of Garnishment After Judgment" on April 4, 2024, alleging that Lone Star National Bank (LSNB) "has property belonging to" the judgment debtor, "Payne Arena." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(3); TEX. R. CIV. P. 658. A writ of garnishment was issued, but LSNB denied that it had any property belonging to "Payne Arena."[1]

On May 29, 2024, UCI filed an "Amended Application for Writ of Garnishment After Judgment," this time naming MFC as the judgment debtor. The amended application asserted that MFC is the "owner and operator" of Payne Arena and that the domesticated judgment was "entered against [MFC] in the name of Payne Arena." UCI attached an affidavit by Jeff Allen, its co-owner and president, averring that the New York judgment was "entered against [MFC]" and that LSNB "has property belonging to" MFC.

---

[1] After LSNB filed its answer, UCI non-suited its initial application for writ of garnishment.

On June 7, 2024, MFC filed a plea to the jurisdiction arguing: (1) it was not named as a party in the arbitration or the New York suit to confirm the arbitration award[2]; (2) it was not served with notice of the arbitration or the New York suit; (3) neither UCI nor MFC were parties to the May 11, 2022 contract; and (4) the contract was "never signed." In the plea, MFC argued that UCI's Texas attorneys were "attempting to defraud" the trial court by substituting MFC as the defendant and judgment debtor in its amended application for writ of garnishment.

UCI filed a response to the plea in which it contended that MFC is the "owner and operator of Payne Arena."[3] It further argued that Payne Arena was the "assumed name" of MFC and that the New York judgment is enforceable against MFC under Texas Rule of Civil Procedure 28. It attached evidence, including a signed copy of the May 11, 2022 agreement. UCI also included an email from Veronica Torres, whom it claims is a representative of "Payne Arena," stating that "our banking information" was an LSNB account bearing MFC's name. UCI noted that Eric Trevino, who signed the May 11, 2022 agreement, is listed on Payne Arena's website as its "general manager," and it argued that it "could reasonably believe [Trevino] held signature authority to bind [MFC] in contract" and that "he was qualified to receive service" on MFC's behalf. Finally, it contended that MFC's "remedy for attacking a judgment for defective service is an appeal, not a plea to the jurisdiction."

After a hearing, the trial court granted MFC's plea to the jurisdiction and signed a judgment dismissing "all of [UCI's] claims against it in this cause . . . with prejudice." This

---

[2] MFC contended that "Payne Arena" is a "non-existing entity."

[3] MFC does not dispute that it owns and operates the arena. Indeed, it named itself in its plea as "[MFC] d/b/a Payne Arena."

appeal followed.

## II. PLEA TO THE JURISDICTION

By three issues, UCI argues the trial court erred by granting MFC's plea because: (1) MFC was properly served with the underlying suit and a plea to the jurisdiction is not "the correct mechanism for challenging defective service"; (2) MFC was properly sued in its assumed name in the underlying suit; and (3) the judgment UCI sought to collect on was not void and was therefore not subject to collateral attack. We review the issues together.

## A. Standard of Review and Applicable Law

Subject matter jurisdiction is essential to a court's authority to decide a case. *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020) (orig. proceeding) (per curiam). Whether a trial court has subject matter jurisdiction over a plaintiff's claim is generally a question of law we review de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims unless immunity is clearly and unambiguously waived by the Legislature. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *see* TEX. GOV'T CODE ANN. § 311.034; *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity offers the same protections for the State's political subdivisions, including cities, for claims based on the performance of governmental functions. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022); *Wasson Ints., Ltd. v. City of Jacksonville*, 559 S.W.3d 142, 146 (Tex. 2018).

"Garnishment is a statutory proceeding whereby the property, money, or credits of

4

a debtor in the possession of another are applied to the payment of the debt." *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992) (per curiam); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 63.001–.008; TEX. R. CIV. P. 658. Generally, a writ of garnishment is available if the plaintiff "has a valid, subsisting judgment" against the defendant "and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(3).

## B.     Analysis

In its brief on appeal, MFC argues that the trial court lacked subject matter jurisdiction because it is immune from garnishment. We agree. "Public policy exempts political subdivisions of the state performing governmental functions from execution or garnishment proceedings." *Delta Cnty. Levee Imp. Dist. No. 2 v. Leonard*, 516 S.W.2d 911, 912 (Tex. 1974) (first citing *Nat'l Sur. Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690 (Tex. 1968); and then citing *Willacy Cnty. Water Control & Imp. Dist. v. Abendroth*, 177 S.W.2d 936 (Tex. 1944)); *Harris County v. Walsweer*, 930 S.W.2d 659, 668 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *see Veterans Admin. v. Kee*, 706 S.W.2d 101 (Tex. 1986) ("As a general rule, government entities are immune from garnishment."). Instead, "[m]andamus is the proper remedy by which the judgments can be enforced against a political subdivision of the state." *Leonard*, 516 S.W.2d at 912 (noting that "[t]hrough such means the political subdivision can be directed to levy and collect sufficient taxes to satisfy judgments outstanding against the entity when there are not sufficient funds on hand").

It is undisputed that MFC is a local government corporation created under

5

Subchapter D of Chapter 431 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 431.101(a) ("A local government corporation may be created to aid and act on behalf of one or more local governments to accomplish any governmental purpose of those local governments."); *see also City of Hidalgo – Tex. Mun. Facilities Corp. v. Rodriguez*, No. 13-23-00163-CV, 2024 WL 119245, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 11, 2024, pet. denied) (mem. op.) (analyzing whether governmental immunity was waived for tort claim against MFC). "The operations of a local government corporation are governmental, not proprietary, functions." TEX. TRANSP. CODE ANN. § 431.108(b); *see id.* § 431.101(a). Accordingly, as a matter of public policy, MFC retains immunity from UCI's amended application for writ of garnishment, which is the only proceeding at issue in this appeal. *See Leonard*, 516 S.W.2d at 912. This is true even assuming, as UCI alleges, that Trevino had authority to bind MFC and accept service on its behalf, that he was duly served with the underlying arbitration demand and lawsuit, and that the domesticated judgment is not void.[4] It would remain true even if the judgment had been rendered against MFC in its own name or against the City itself.

In its reply brief, UCI contends that we "should not consider" MFC's immunity argument because it was not made in the trial court. Indeed, MFC never argued before the trial court that it was immune to garnishment. However, it is well established that "[s]ubject matter jurisdiction is an issue that may be raised for the first time on appeal" and "may not be waived by the parties." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *see Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010)

---

[4] It is concerning to this Court that Trevino appears to have represented that he had authority to execute a contract on behalf of MFC, only to have MFC disavow his authority in litigation. However, this is not an issue we need to address to resolve this appeal because the doctrine of governmental immunity is dispositive.

("Jurisdiction over the subject matter of an action may not be conferred or taken away by consent or waiver, and its absence may be raised at any time."); *Rourk v. Cameron Appraisal Dist.*, 443 S.W.3d 217, 219 n.4 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.). Our review of a plea to the jurisdiction is therefore "not limited to the grounds set forth in the governmental unit's plea in the trial court." *Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12, 20–21 (Tex. 2024); *Dall. Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013) ("[A]n appellate court must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all."). UCI does not otherwise respond to MFC's immunity argument; in particular, it cites no authority, and we find none, waiving a governmental unit's immunity to garnishment under these or any other circumstances.

For the foregoing reasons, we conclude the trial court did not err by granting MFC's plea to the jurisdiction and dismissing UCI's amended application for writ of garnishment with prejudice. UCI's issues on appeal are overruled.

### III.    CONCLUSION

We affirm the trial court's judgment.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
3rd day of July, 2025.

7