**Federico L. MADRID, Appellant,**

v.

**Dominga R. MADRID, Appellee.**

**No. 08–81–00308–CV.**

Court of Appeals of Texas,
El Paso.

Nov. 3, 1982.

Jesus M. Hernandez, El Paso, for appellant.

Herbert E. Marsh, Jr., El Paso, for appellee.

Before STEPHAN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Federico L. Madrid appeals that part of a divorce decree which awarded substantially all of the parties' community property to his wife, Dominga R. Madrid. We reverse and remand.

These parties were married, divorced and remarried again for a lengthy period of time preceding this divorce. Mr. Madrid had served twenty years in the military service and these parties were married eighteen of those years. He has been employed by White's Auto Stores for the past four-

teen years. His salary is approximately $1,200.00 per month, and he receives military retirement pay of about $710.00 a month. Mrs. Madrid is not and has not been employed outside the home for many years.

Following the decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the trial court in September, 1981, awarded all of the military retirement pay to Mr. Madrid. It also awarded him three acres of land in New Mexico, a 1975 pickup, his term life insurance and his personal effects. Other than the retirement pay, the property awarded to him apparently had a value of less than $5,000.00. Mrs. Madrid was awarded the parties' house, the household goods, the savings accounts, a car and other assets with an apparent value in excess of $75,000.00.

The Appellant presents three points of error contending that the trial court abused its discretion, that it erred in finding that the military retirement pay was separate property, and that it erred in considering such retirement pay as a part of his separate property estate.

■ Certainly, the trial court made a very unequal division of the community property. In doing so, the court considered the fact that Mr. Madrid's income each month included a salary of approximately $1,200.00 plus military retirement pay of more than $700.00, and that Mrs. Madrid was in poor health, had no job and was not trained to obtain employment requiring a particular skill. The court can consider disparity of income or of earning capacity, relative physical conditions, size of separate estates and other relevant factors in dividing the community estate and in doing so may make an unequal division of the community property without abusing its discretion. *Murff v. Murff,* 615 S.W.2d 696 (Tex. 1981); *Tarin v. Tarin,* 605 S.W.2d 392 (Tex. Civ.App.—El Paso 1980, no writ).

■ In this case, the court found that the military retirement pay is the separate property of Mr. Madrid, and it did obviously consider such asset in dividing the commu-

nity estate. There could be no other reason for such a disproportionate division of the community estate. In *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), the court addressed this issue and said quite clearly that railroad retirement benefits which belong to one spouse cannot be considered by the court in dividing the community estate. Otherwise, the court thereby thwarts the congressional intent in providing for disposition of those benefits by balancing out an estate through the other remaining assets. This same principle is noted in *McCarty v. McCarty, supra,* in footnote 22. Thus, we conclude that the trial court erred in considering Mr. Madrid's military retirement pay as part of his separate estate when dividing the community property. Appellant's Points of Error Nos. One and Three are sustained.

Upon remand, the trial court may now consider a division of the military retirement pay. Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, 96 Stat. 730 (1982); *Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982).

We affirm that part of the divorce decree which divorces these parties and in all other respects affirm the decree except that part which divides the property, rights and assets of these parties, and that part of the decree is reversed and remanded for a new trial.