**TRANS–CONTINENTAL PROPERTIES, LTD. et al., Petitioners,**

v.

**W.W. (Doc) TAYLOR et al., Respondents.**

No. C–4451.

Supreme Court of Texas.

March 26, 1986.

Rehearing Denied Nov. 12, 1986.

Daniel F. Dean, Palestine, for petitioners.

William E. Palmer, Dorothy G. Palumbo, Dallas, for respondents.

PER CURIAM

ON MOTION FOR REHEARING

We grant motion for rehearing, withdraw our opinion and judgment of November 20, 1985, and substitute this opinion.

This is a suit by petitioners (Trans-Continental) for damages for breach of contract and for cancellation of a deed of trust and underlying note. The trial court rendered judgment for Trans-Continental. The court of appeals, in an unpublished opinion, reversed and remanded even though respondents (Taylor) did not timely file his motion to extend time to file a transcript and statement of facts under Tex.R.Civ.P. 21. We grant writ of error and pursuant to Tex.R. Civ.P. 483, without hearing oral arguments, reverse the judgment of the court of appeals, 670 S.W.2d 417, and remand to that court to proceed according to this opinion.

The trial court awarded Trans-Continental damages for breach of contract in a judgment signed February 3, 1984. On Trans-Continental's motion, the trial court modified the judgment to cancel the deed of trust and note. The trial judge signed the modified judgment on February 23, 1984.

Taylor timely appealed, but did not timely file a transcript and statement of facts. Taylor filed a motion to extend time to file the transcript and statement of facts under Tex.R.Civ.P. 21c on June 13, 1984, 131 days after the original judgment was signed and 111 days after the signing of the modified judgment.

An appellant must file a transcript and statement of facts within 60 days of the signing of the final judgment from which he appeals. Tex.R.Civ.P. 386. The rule allows 100 days when a motion for new trial or motion to modify is filed. The time to take appellate steps begins to run again from the date a modified judgment is signed. Tex.R.Civ.P. 329b(h).

The court of appeals has no authority to consider a late transcript or statement of facts unless permitted under Rule 21c.

Tex.R.Civ.P. 386. Rule 21c allows parties to file a motion to extend time within 15 days after the last day to file an appellate document. Thus, combining Rule 386 and Rule 21c gives a party either 75 or 115 days from the signing of the final judgment to file a 21c motion to extend time to file a transcript and statement of facts, depending on whether the judgment was challenged by a motion for new trial or motion to modify.

Taylor did not file a motion for new trial or motion to modify the February 23rd modified judgment. Thus, Taylor had 75 days from the signing of the modified judgment to file his 21c motion.

The courts of appeals have no authority to consider a late filed 21c motion. *B.D. Click Company, Inc. v. Safari Drilling Corporation*, 638 S.W.2d 860 (Tex.1982). Taylor filed his 21c motion late. Thus, the court of appeals had no authority to consider the late transcript and statement of facts not permitted under Rule 21c, *B.D. Click*, 638 S.W.2d at 862, but could only dismiss the appeal or affirm the trial court's judgment. Tex.R.Civ.P. 386. Tex.R.Civ.P. 387(b) provides that before dismissing an appeal, the court of appeals may give notice to the parties and ask them to submit reasons why the appeal should not be dismissed.

Although properly raised by motion to dismiss the appeal and uphold the trial court's judgment, the court of appeals opinion did not address whether the Rule 21c motion was timely. Because the opinion of the court of appeals conflicts with Tex.R. Civ.P. 21c, 329b(h), and 386, we reverse the judgment of the court of appeals and remand to that court to proceed according to this opinion.