Joseph Byron **ROTHWELL**, Appellant,

v.

June Elizabeth **ROTHWELL**, Appellee.

No. 08–88–00231–CV.

Court of Appeals of Texas,
El Paso.

Feb. 1, 1989.

Rehearing Denied June 28, 1989.

Marshall I. Yaker, El Paso, for appellant.

Doris Sipes, El Paso, for appellee.

Before OSBORN, C.J., and
WOODARD and KOEHLER, JJ.

## OPINION

PER CURIAM.

This appeal of a divorce decree is limited to issues involving a division of these parties' home and the husband's military retirement pay. No issue is raised as to any other provision in the divorce decree. We abate the appeal and direct the filing of findings of fact and conclusions of law.

The case was tried to a jury which, in answer to question five, found that a just and right division of the home would be forty percent to the husband and sixty percent to the wife. It also found the husband should receive thirty percent of his monthly army retirement of $2,635.00 and the wife seventy percent of that amount. Clearly these findings were advisory. *Bagby v. Bagby*, 186 S.W.2d 702 (Tex.Civ.App.—Amarillo 1945, no writ); *Becker v. Becker*, 299 S.W. 528 (Tex.Civ. App.—El Paso 1927, no writ).

In the final judgment, the trial court awarded the husband a twenty percent interest in the home and the wife an eighty percent interest. Each party was awarded fifty percent of the army retirement pay. Since the evidence established and the court found that 15.27 percent of the retirement pay was the husband's sole and separate property, he contends the division actually reduced his interest to 34.73 percent of the community interest in the retirement pay. He further contends that under the provisions of the Federal Uniform Services Former Spouses' Protection Act, 10 U.S. C.A. sec. 1408, his interest could not be less than fifty percent of his retirement pay. That argument cannot be sustained under the holding in *Grier v. Grier*, 731 S.W.2d 931 (Tex.1987). In any event, the court awarded each spouse fifty percent of the army retirement pay, the net effect being he received 15.27 percent as his separate property interest and 34.73 of the community interest, and the wife received 65.27 percent of the community interest. Thus, it appears the court awarded her a larger interest in the home than recommended by the jury, and the court awarded her a smaller interest in the retirement pay than recommended by the jury.

The Appellant timely filed a request for findings of fact and conclusions of law which were noted by the signature of the trial judge. A second request noting the failure to comply with the original request was also timely filed as required by Tex.R. Civ.P. 297. No findings of fact and conclusions of law were filed.

■ In Point of Error No. Four, the Appellant contends the trial court erred in failing to file findings of fact and conclusions of law. Tex.R.Civ.P. 296 requires a

trial judge to file his or her findings in a case tried "without a jury." Clearly, this was a jury trial. In *Aubey v. Aubey*, 264 S.W.2d 484 (Tex.Civ.App.—Beaumont 1954, no writ), the court concluded that it was not error for the trial court to refuse to file findings of fact and conclusions of law in a jury tried case even though the verdict was only advisory. We agree there was no harm shown in that case since the judgment was in accordance with the jury verdict, even if it was only advisory.

In our case, the judgment departs from the verdict, and the net effect is that the judgment results from findings made by the trial court independent of the jury's verdict and is as to the two items in dispute, a court-tried case. In such a case, we believe an appealing party has a right to have the trial court file findings of fact and conclusions of law in order to urge error on appeal. We note that in *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975), the trial court, after an initial trial in which an issue was submitted to the jury concerning gifts of community property, held a subsequent trial relating to other issues and filed findings of fact and conclusions of law which form the basis for the trial court's disposition of the parties' property.

We abate the appeal and direct the district court to file findings of fact and conclusions of law with the district clerk on or before March 1, 1989. Thereafter, the parties shall have the rights granted in Tex.R. Civ.P. 298. The Appellant is directed to file a supplemental transcript with the Clerk of this Court on or before March 17, 1989. If either of the parties desire to file supplemental briefs, they shall file written motions on or before March 22, 1989 requesting additional time to file such briefs.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION AFTER ABATEMENT OF APPEAL

OSBORN, Chief Justice.

This appeal of a divorce decree is limited to issues involving a division of the parties'

home and the husband's military retirement pay. Following oral argument, this Court abated the appeal and directed the trial court to file findings of fact and conclusions of law which relate to the issues raised on this appeal. In this case, the judgment departs from the verdict, and the net effect is that the judgment on the issues raised by this appeal results from findings made by the trial court independent of the jury's verdict, and is as to the two issues raised by the appeal, a court tried case. We affirm.

■ In her cross action for divorce, the Appellee alleged that Appellant was guilty of cruel treatment and adultery. The issue of adultery was raised by the evidence; however, the Appellant denied such conduct. When the case was submitted to the jury, the Appellee did not request an issue on adultery and the only finding was on grounds of insupportability. But, in its charge, the court instructed the jury that in arriving at a just and right division of the property of the parties, the jury could consider "fault in the breakup of the marriage".

In the findings of fact and conclusions of law filed by the trial judge, he found "[t]hat the evidence showed that the husband was more at fault in the breakup of the marriage than the wife, due to his relationships with other women." Since there was no objection to the instruction in the court's charge, we conclude that the Appellant has waived any error. If the jury was to consider fault in its recommendation as to the division of the property, without any objection, it was not error for the trial court to consider that factor in the court's ultimate determination as to the division of the property. Any complaint about the issue of fault must have been raised at the initial trial court level and not for the first time on appeal. Points of Error Nos. Three and Five are overruled.

■ We next consider the complaint that the trial court considered the husband's disability retirement benefits paid by the Veterans Administration in determining what income should be apportioned to each

spouse. The husband's income included social security benefits of $671.00, military retirement benefits of $2,635.00 and Veterans Administration benefits for total disability of $1,437.00. The wife's income was limited to social security benefits of $260.00. The husband argues that the V.A. benefits should not have been considered because they are not divisible or assignable. He relies upon the holdings in *Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex.1985) and *Ex Parte Burson*, 615 S.W.2d 192 (Tex.1981). *See also Veterans Administration v. Kee*, 706 S.W.2d 101 (Tex.1986) and *Madrid v. Madrid*, 643 S.W.2d 186 (Tex.App.—El Paso 1982, no writ).

In *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), the Court noted that "[v]eterans' disability benefits compensate for impaired earning capacity, ... and are intended to 'provide reasonable and adequate compensation for disabled veterans *and their families'.*" That opinion notes that Congress clearly intended that these disability benefits would be used, in part, for the support of veterans' dependents. The court in *Ruffin v. Ruffin*, 753 S.W.2d 824 (Tex.App.—Houston [14th Dist.] 1988, no writ), followed the *Rose* decision and held V.A. disability benefits are subject to withholding for child support arrearages. In her concurring opinion, Justice O'Connor wrote in the *Rose* case that the bar against "levy, attachment, or seizure" is a protection against claims of creditors and is not intended to protect the veteran against claims by his family. If these benefits can be allocated to family members, then certainly there was no error in this case where those benefits were considered in dividing the income between the spouses, but no V.A. benefit was actually awarded to the wife. Points of Error Nos. Six and Seven are overruled.

We noted in our original opinion, which abated the appeal, see page 890, that there was no error in awarding the wife fifty percent of her husband's military retirement pay. Points of Error Nos. One, Two and Eight are overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

The Appellant urges that we erred in our decision about the right of the trial court to consider veterans' disability benefits in dividing the parties' community property, even though there was no actual division of those particular benefits. He bases his argument upon the decision by the United States Supreme Court in *Mansell v. Mansell*, —— U.S. ——, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), which was decided one day before our opinion in this case.

The Court in that opinion held that under the Uniformed Services Former Spouses' Protection Act, which Congress enacted in response to the Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), state courts may not treat veterans' disability benefits as property divisible upon divorce. The Court held that the Spouses Protection Act makes only disposable retirement pay divisible in a state divorce proceeding and disability benefits are not in that category. The Appellant recognizes that in this case the trial court did not divide Mr. Rothwell's disability benefits, but urges that when the trial court made a disproportionate award of the parties' interest in their home to the wife, the net effect was to offset their interest in that asset because of his V.A. benefits. He urges those benefits should not have been considered in dividing the parties' community property. He seeks the same application to his V.A. disability benefits which this Court gave to military retirement pay in *Madrid v. Madrid*, 643 S.W.2d 186 (Tex.App.—El Paso 1982, no writ), prior to the Spouses Protection Act.

■ We find no language in the *Mansell* opinion comparable to that in the *Hisquierdo v. Hisquierdo* opinion where the court discussed at length the provision that payments shall not be anticipated. 439 U.S. 572, 588–89, 99 S.Ct. 802, 811–12, 59 L.Ed.2d 1, 15 (1979). We find no language that V.A. disability benefits shall not be anticipated in 38 U.S.C. sec. 3101 compara-

ble to that found in the Railroad Retirement Act as set forth in footnote 21 of the *Hisquierdo* case. We conclude that the trial court could consider V.A. disability retirement benefits which were payable to the husband in making a just and right division of the community assets, but it could not make any division of those benefits.

The motion for rehearing is overruled.