James Marvin SMITH, Appellant,

v.

Ollie Lanell SMITH, Appellee.

No. 12–91–00012–CV.

Court of Appeals of Texas,
Tyler.

June 30, 1992.

Weldon McFarland, Tyler, for appellant.

Carole Clark, Tyler, for appellee.

_____

OPINION ON APPELLANT'S MOTION
TO CONTINUE APPEAL

COLLEY, Justice.

*Introduction*

This is a divorce case. No minor children are involved. At trial, a jury was selected and empaneled. The court submitted four questions to the jury. Those questions as recited in the body of the court's final decree of divorce are:

## Question No. 1

1. A divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

2. A divorce may be decreed in favor of OLLIE LANELL SMITH if JAMES MARVIN SMITH has been guilty of "cruel treatment."

Do grounds exist for divorce between OLLIE LANELL SMITH and JAMES MARVIN SMITH

On Item 1 above, Answer was "Yes."

On Item 2 above, Answer was "No."

## Question No. 2

State in dollars the amount, if any, of attorney's fees reasonably and necessarily incurred or to be incurred by OLLIE LANELL SMITH in this lawsuit.

1. For representing OLLIE LANELL SMITH in Court;

Answer: None

2. For representing OLLIE LANELL SMITH on appeal, if any, to the Court of Appeals;

Answer: None

3. For representing OLLIE LANELL SMITH on appeal, if any, to the Supreme Court of Texas;

Answer: None

## Question No. 3

What disposition should be made of the following items?

1. Lake Palestine Residence, Smith County, Texas

Answer: Fifty percent (50%) to JAMES M. SMITH

Answer: Fifty percent (50%) to OLLIE L. SMITH

2. IRA at Kelley Credit Union in name of JAMES M. SMITH?

Answer: One hundred percent (100%) to JAMES M. SMITH

3. IRA at Kelley Credit Union in name of OLLIE L. SMITH?

Answer: One hundred percent (100%) to OLLIE L. SMITH.

## Question No. 4

State in dollars the amount of the reimbursement claim, if any, proved in favor of the separate estate of JAMES M. SMITH against the Lake Palestine residence and lots of the parties.

Answer: None

Following receipt of the verdict by the court, Appellee filed a motion for judgment n.o.v., requesting the court to disregard the jury's answer to question numbers one and two on the grounds that the evidence conclusively established that Appellant "was guilty of cruel treatment towards [Appellee]" and that Appellee was entitled to attorney's fees. Appellee also requested the court to disregard the jury's answers to question number three on the grounds that such answers were "advisory only" and the division of the properties made by the jury was unfair because she was entitled to receive more than fifty percent of the community property of the parties premised on the conclusive showing of fault on the part of Appellant in bringing about the divorce.

On November 6, 1990, the court signed a divorce decree granting the divorce on the no-fault grounds found by the jury, but awarded Appellee attorney's fees and granted Appellant a small reimbursement, secured by a lien against the parties' residential real estate (Lake Palestine residence) that was awarded by the court to Appellee. However, the court did make its own division of certain properties between the parties without jury intervention and ordered each party to pay certain community debts or liabilities including federal income taxes.

It is undisputed that after the decree was signed, Appellant timely filed a request for findings of facts and conclusions of law, and that no motion for new trial or motion to modify the decree was filed by any party.

## Appellate History

On January 16, 1991, Appellant filed a motion for an extension of time to file the statement of facts. Attached thereto was an affidavit of the trial court's official court reporter. The reporter stated that the divorce decree was signed on November 6, 1990; that a jury trial had been conducted; and that a motion for judgment n.o.v. had been filed. Appellant alleges in that motion that the statement of facts was due to be filed in this Court on January 6, 1991 (the actual deadline was January 7, 1991). On January 25, 1991, Appellant filed a motion for an extension of time to file the transcript in this Court. Again, the Appellant alleged in that motion that the transcript was due to be filed on January 6, 1991.

On February 4, 1991, Appellant tendered for filing in this Court, the entire transcript consisting of three volumes. Our Clerk did not file the transcript, but as provided by TEX.R.APP.P. 56(a)[1], noted on each volume of the transcript, "received ... date 2-4-91." The matter was referred to the Court, and we concluded that we had no authority to grant the late-filed motion for an extension of time to file the transcript, and on February 22, 1991, issued a per curiam opinion overruling the motion and dismissing this appeal.

On March 1, 1991, Appellant filed a motion for rehearing requesting the Court to set aside our order dismissing the appeal. We granted that motion and reinstated the appeal, concluding that we had erred in dismissing the appeal without giving notice of our intention to do so under Rule 60(a)(2). However, on March 31, 1992, we gave notice that we intended to dismiss the appeal unless the Appellant filed a written response "showing grounds for continuing the appeal." The Appellant filed a timely response to that notice and the Appellee filed a motion to dismiss the appeal by her response.

## Issue for Decision

Effective September 1, 1990, Rule 54(a) was amended to read as follows:

(a) In Civil Cases—Ordinary Timetable. The transcript and statement of facts, if any, shall be filed in the appellate court within sixty days after the judgment is signed, or, if a timely motion for new trial or to modify the judgment has been filed by any party, *or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury,* within one hundred twenty days after the judgment is signed. If a writ of error has been perfected to the court of appeals the record shall be filed within sixty days ager perfection of the writ of error. Failure to file either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court, but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed, or applying presumptions against the appellant, either on appeal or on the court's own motion, as the court shall determine. The court has authority to consider all timely filed transcripts and statements of facts, but shall have no authority to consider a late filed transcript or statement of facts, except as permitted by this rule.

. . . .

TEX.R.APP.P. 54(a) (the 1990 amendment is shown in italics.) Rule 54(c) reads as follows:

(c) **Extension of Time.** An extension of time may be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals not later than fifteen days after the last date for filing the record. Such motion shall also reasonably explain any delay in the request required by Rule 53(a).

Appellant argues that the language of the amendment to Rule 54(a) applies here. Hence, the transcript was not due to be filed with this Court until March 16, 1991, therefore, it is our duty to interpret Rule 54(a) and decide whether under that rule the transcript in this case was timely ten-

---

**1.** All references to rules are to the TEXAS RULES OF APPELLATE PROCEDURE unless otherwise noted.

dered for filing, or whether the motion for extension of time filed on January 25, 1991, was timely.

Appellant argues that because he had filed a timely request for findings of facts and conclusions of law, and because the trial judge acting on Appellee's motion for judgment n.o.v., made certain fact findings and thereby "ignored" the jury's verdict, this case was transformed from a case tried with a jury to a "case tried without a jury" within the meaning of Rule 54(a). In support of that argument, Appellant cites us to *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975), and *Rothwell v. Rothwell,* 775 S.W.2d 888 (Tex.App.—El Paso 1989, no writ). We first note that neither of these decisions were delivered after the advent of the 1990 amendments; and neither addresses the deadline for filing the appellate record. The court in *Rothwell* dealt with a limited appeal that involved only the propriety of the trial court's action in disregarding the advisory jury findings in respect to the division of marital property. In *Cockerham,* the Supreme Court wrote:

> Though the trial court has wide discretion in dividing the property of the spouses as its feels just and in disregarding advisory findings of the jury, *it may not ignore* the jury's answers which extend to issues of fact for which the status of property is determined. *Stafford v. Stafford,* 41 Tex. 111, (1874); *Rice v. Rice,* 21 Tex. 58 (1858); *Baker v. Baker,* 104 S.W.2d 31 (Tex.Civ.App.—San Antonio 1936, no writ).

*Cockerham,* 527 S.W.2d at 173.

Our careful reading of *Cockerham* persuades us that its rationale in no way supports Appellant's arguments.

▇▇ Admittedly, the question presented is novel. Moreover, there is no reported case interpreting the quoted 1990 amendments to Rule 54(a). However, given the plain language of Rule 54(a), including the amendment, the right to a jury trial guaranteed by TEX. CONST. Art. I, § 15, implemented by TEX.FAM.CODE ANN. §§ 3.61 and 3.63 (Vernon Supp.1992), and established case law, *e.g., Cockerham,* and authorities

therein cited and quoted above, we conclude that although a trial judge is not bound by the jury's division of the marital property in a divorce case, the jury, is authorized to determine disputed fact questions in connection with the adjudication of divorce, and, for that matter, in connection with the character and division of the marital property. For all of these reasons, it would be totally illogical for us to say that this case was "a case tried without a jury" as provided in Rule 54(a). Since neither the transcript nor the motion to extend the time for its filing was timely filed, we have no authority to consider either of the late filed documents. *Trans–Continental Properties Ltd. v. Taylor,* 717 S.W.2d 890 (Tex.1986).

There is no record for review of the merits on appeal. The appeal is therefore dismissed.