IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-345-CV





MARTINA CLARK,



 APPELLANT


vs.





LORRAINE KAYE SCHROEDER, M.D.,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 92-10830, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING



 





PER CURIAM



 Appellant Martina Clark seeks to appeal from a take-nothing judgment rendered
in her suit against appellee Lorraine Kaye Schroeder, M.D. Schroeder has filed a motion to
dismiss on the basis that Clark has not timely perfected an appeal. We will overrule the motion
to dismiss and will dismiss the appeal on our own motion.

 The district court of Travis County rendered judgment against Clark on April 22,
1993. (1) Clark apparently filed a request for findings of fact and conclusions of law on May 3rd. 
See Tex. R. Civ. P. 296. On May 24th, she filed her notice of appeal purporting to appeal the
trial-court judgment of April 22nd.

 Upon receipt of the transcript, the Clerk of this Court notified Clark, by letter, that
the transcript did not show that she was a person who may perfect an appeal by filing only a
notice of appeal. Tex. R. App. P. 40(a)(1); see, e.g., Tex. Civ. Prac. & Rem. Code Ann.
§§ 6.001-.003 (West 1986 & Supp. 1993). This Court suggested that she should amend her notice
of appeal or refile a proper perfecting instrument and submit the document to this Court in a
supplemental transcript by July 29th. See Tex. R. App. P. 46(f); Grand Prairie Indep. Sch. Dist.
v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991) (if appellant timely files
document in bona fide attempt to perfect appeal, appellate court, on appellant's motion, must
allow appellant an opportunity to amend or refile required instrument). But see Hosey v. County
of Victoria, 852 S.W.2d 963 (Tex. App.--Corpus Christi 1993, no writ); Wilcox v. Seelbinder, 840
S.W.2d 680, 682-83 (Tex. App.--El Paso 1992, writ denied) (in absence of bona fide dispute as
to whether party is exempt from filing bond or making cash deposit, party must file proper
perfecting instrument). Clark filed an affidavit of inability to pay the costs of appeal on August
3rd; we received a supplemental transcript on August 13th. (2)

 We need not decide whether Clark may have amended her notice of appeal in this
instance. The Clerk of this Court also directed Clark to ask the district clerk to include the
request for findings of fact and conclusions of law in the supplemental transcript. Clark
responded that she could not do so because the trial court had not filed findings of fact and
conclusions of law. Accordingly, the record before this court does not include Clark's request
for findings of fact and conclusions of law and does not show that Clark had 120 days within
which to file the transcript. See Tex. R. App. P. 54(a) (if party files timely request for findings
of fact and conclusions of law, transcript is due in appellate court 120 days after judgment
signed). We received the transcript on July 9th, more that sixty days after the April 22nd order. 
See id. (transcript due in appellate court sixty days after judgment signed).

 An appellate court may dismiss an appeal for failure to file the transcript timely. 
Id.; Tex. R. App. P. 60(a)(2); see Trans-Continental Properties v. Taylor, 717 S.W.2d 890, 891
(Tex. 1986); Smith v. Smith, 835 S.W.2d 187, 190 (Tex. App.--Tyler 1992, no writ). The appeal
is dismissed.


Before Justices Powers, Jones and Kidd

Appeal Dismissed

Filed: September 15, 1993

Do Not Publish

1. [1]  In her motion to dismiss, Schroeder states that the order from which to calculate the time
to perfect appeal is the order granting her motion for summary judgment signed on March 18,
1993. That order, however, was not a final judgment because it did not dispose of Schroeder's
counterclaim against Clark. Teer v. Duddlesten, 664 S.W.2d 702, 703 (Tex. 1984). Schroeder
nonsuited that counterclaim on March 25th. See Tex. R. Civ. P. 162. On April 22nd, within the
period of its plenary power, the district court signed an order denying Clark's motion to set aside
the order granting the summary judgment and expressly taxing costs of the proceeding against
Clark. Based on the record before this Court, we conclude that the order of April 22nd is the one
from which to count appellate deadlines. See Runnymede Corp. v. Metroplex Plaza, Inc., 543
S.W.2d 4, 5 (Tex. Civ. App.--Dallas 1976, writ ref'd); Ramirez v. Pecan Deluxe Candy Co., 839
S.W.2d 101, 105 (Tex. App.--Dallas 1992, writ denied). Accordingly, we overrule Schroeder's
motion to dismiss the appeal.
2. [2]  Schroeder filed a motion and supplemental motion to contest the affidavit of inability to pay
for appeal bond. See Tex. R. App. P. 40(a)(3)(C). The trial court signed a timely order
sustaining the contest on August 20th. See Tex. R. App. P. 40(a)(3)(E). Clark has not filed a
cost bond or made an cash deposit with the district clerk or filed a motion for extension in this
Court. See Tex. R. App. P. 41(a)(2).