IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-005-CV





TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,



 APPELLANT


vs.





BENJIE F. JOHNSON,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 92-13,721, HONORABLE JERRY A. DELLANA, JUDGE PRESIDING



 





PER CURIAM

 Appellant Texas Department of Criminal Justice, Institutional Division [hereinafter
"TDCJ-ID"] seeks to appeal from a trial-court order signed November 12, 1993, denying its
motion for summary judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5) (West Supp.
1994). TDCJ-ID timely filed its notice of appeal on November 22, 1993, within twenty days after
the order was signed. (1) See Tex. R. App. P. 42(a)(3). The last day to timely file the transcript
and statement of facts was December 13, 1993, thirty days after the trial court signed its order. 
See id. A motion for extension of time to file the record was due December 28, 1993, fifteen
days after the last day for filing the record. See Tex. R. App. P. 54(c). 

 On January 6, 1994, TDCJ-ID filed a motion for extension of time to file the
record. TDCJ-ID filed an amended motion for extension of time on January 14, 1994. In a letter
dated January 31, 1994, this Court requested TDCJ-ID to submit a supplemental motion
addressing whether the motion for extension of time was timely filed pursuant to Texas Rules of
Appellate Procedure 42(a)(3) and 54(c). In response to this request, TDCJ-ID filed a "second
amended" (2) motion for extension of time on February 10, 1994, stating "it appears that appellant
is probably not within the time frame set by the Texas Rules of Appellate Procedure for the timely
filing of the motion for extension of time." 

 TDCJ-ID's original motion for extension of time was not timely, because it was
not filed within fifteen days after the record was due. See Tex. R. App. P. 54(c). Thus, its
succeeding motions for extension of time were also tardy. When an appellant does not timely file
a motion for extension of time within fifteen days of the due date for filing the record, this Court
does not have authority to consider the motion. B.D. Click Co. v. Safari Drilling Corp., 638
S.W.2d 860, 862 (Tex. 1982). Accordingly, TDCJ-ID's amended and supplemental motions for
extension of time are overruled. (3)

 In the absence of a timely motion for extension of time to file the record, TDCJ-ID
cannot timely file the transcript or statement of facts. This Court is without authority to consider
a late-filed transcript or statement of facts, except as permitted by Texas Rule of Appellate
Procedure 54(a). See B.D. Click, 638 S.W.2d at 862; Smith v. Smith, 835 S.W.2d 187, 190 (Tex.
App.--Tyler 1992, no writ); Tonahill v. Southwest Automated Tickets Serv., 683 S.W.2d 753, 754
(Tex. App.--Houston [1st Dist.] 1984, no writ). Thus, this Court is unable to determine that it has
jurisdiction over the appeal. Accordingly, we dismiss the appeal. See Tex. R. App. P. 54(a).



Before Justices Powers, Aboussie and Jones

Appeal Dismissed 

Filed: March 16, 1994

Do Not Publish 
1. [1] The record is not before this Court. The facts are drawn from (1) an affidavit attached to
TDCJ-ID's amended motion for extension of time to file the record and (2) exhibits attached to
appellee Benjie F. Johnson's motion to dismiss the appeal. See Tex. R. App. P. 19(d).
2. [2] The motion is, in fact, the requested supplemental motion for extension of time.
3. [3] TDCJ-ID's original motion for extension of time is dismissed because it is superseded by
TDCJ-ID's amended and supplemental motions for extension of time. We also overrule Johnson's
motion to dismiss made pursuant to Texas Rule of Appellate Procedure 60(a)(1) because the basis
for that motion is not relied on in our disposition of this appeal.