IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-520-CV





JOSEPH L. FORD III,



 APPELLANT


vs.





DANIEL EDONE, GRAEME MOZELEY, MARTIN MOZELEY,


AND CLASSIQUES JAGUAR,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 490,841, HONORABLE MARY PEARL WILLIAMS, JUDGE



 





PER CURIAM


 Appellant Joseph L. Ford III seeks to appeal from a judgment of the district court
of Travis County rendered in his suit against appellees Daniel Edone and D Power, Inc. and
appellees, third-party defendants, Martin Mozeley, Graeme Mozeley and Classiques Jaguar. On
September 27, 1994, the Clerk of this Court filed Ford's motion for an extension of time to file
the record and docketed the appeal. See Tex. R. App. P. 18, 57(a). By letter, the Clerk advised
Ford that this Court had not yet received a transcript in the appeal and that the appeal was subject
to dismissal for failure to file the transcript. See Tex. R. App. P. 60(a)(2). Ford responded with
a motion for an extension of time to file the transcript. We will overrule that motion and dismiss
the appeal.

 Ford timely perfected an appeal when he filed a cash bond with the district clerk
of Travis County. See Tex. R. App. P. 40(a), 41(a)(1). The transcript and statement of facts
were due in this Court on August 22; any motion for extension of time was due no later than
September 5. (1) Tex. R. App. P. 54(a), (c). Appellant tendered his motion for extension of time
to file the transcript on October 17, 1994. (2) The Clerk of this Court received the transcript on
November 4.

 This Court has no jurisdiction to consider a late-filed motion for an extension of
time to file a transcript. Tex. R. App. P. 54(c); Migura v. Migura, 730 S.W.2d 18, 19 (Tex.
App.--Corpus Christi 1987, no writ); see Trans-Continental Properties, Ltd. v. Taylor, 717
S.W.2d 890, 891 (Tex. 1986); B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862
(Tex. 1982). Because Ford tendered his motion beyond the applicable time period, we overrule
Ford's October 17 motion for an extension of time to file the transcript.

 We note that Ford filed a motion for an extension of time to file the statement of
facts and transcript with the district clerk of Travis County on August 31. Although it would have
been timely pursuant to Rule 54(c), that motion does not confer authority upon this Court to grant
an extension of time to file the transcript. The motion is directed to the district court and, as to
the transcript, offers no reasonable explanation for the need for an extension. See Tex. R. App.
P. 54(a); National Union Fire Ins. Co. v. Ninth Court of Appeals, 864 S.W.2d 58, 59 (Tex. 1993)
(appellate court may not grant motion to file transcript late that lacks reasonable explanation of
need for extension). The motion did not come into the custody or control of the Clerk of this
Court until November 4 when the transcript was tendered for filing. See Mr. Penguin Tuxedo
Rental & Sales, Inc. v. NCR Corp., 787 S.W.2d 371, 372 (Tex. 1990); Standard Fire Ins. Co.
v. La Coke, 585 S.W.2d 678, 681 (Tex. 1979) (instrument is deemed filed when placed in custody
or control of clerk).

 An appellate court may dismiss an appeal for the failure to file a transcript timely. 
Tex. R. App. P. 54(a); see Trans-Continental Properties, 717 S.W.2d at 891; Smith v. Smith, 835
S.W.2d 187, 190 (Tex. App.--Tyler 1992, no writ). Furthermore, in the absence of a timely-filed
transcript, Ford has not shown that he properly perfected his appeal. If he has not done so, we
have not acquired jurisdiction over the appeal. Willis v. Texas Dept. of Corrections, 834 S.W.2d
953 (Tex. App.--Tyler 1992, no writ); Gonzalez v. Doctors Hosp.--E. Loop, 814 S.W.2d 536, 537
(Tex. App.--Houston [1st Dist.] 1991, no writ); see Davies v. Massey, 561 S.W.2d 799, 801 (Tex.
1978) (filing a cost bond is necessary and jurisdictional step in taking appeal). Accordingly, we
must dismiss the appeal.

 The appeal is dismissed.


Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed

Filed: November 23, 1994

Do Not Publish

1. [1]  These are the due dates based on the filing of a motion for new trial. See Tex. R. App. P.
54(c). The docket sheet included in the transcript shows that Edone and D Power, Inc. filed a
timely motion for new trial on May 20. However, that motion is not included in the transcript.
2. [2]  Ford tendered a "Motion for Extension of Time to File Transcript" on September 27. 
Because the motion requested an extension of time to file a statement of facts, the Clerk of this
Court docketed the motion as a request for an extension of time to file the record. This motion
was also submitted beyond the time within which to file a motion for extension; therefore, we
have no jurisdiction to consider it. Tex. R. App. P. 54(c); Wells v. Kansas Univ. Endowment
Ass'n, 825 S.W.2d 483, 487 (Tex. App.--Houston [1st Dist.] 1992, writ denied). We dismiss the
September 27 motion because we overrule the motion for an extension of time to file the transcript
and dismiss the appeal.