TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00728-CV







Victor Carr, Appellant



v.



City of Austin, Mayor Bruce Todd, the Police Commissioner, Officer Michael King


and Officer Manuel Pena, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-00737, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING








PER CURIAM


 Appellant Victor Carr seeks to appeal from a summary judgment of the district
court of Travis County that dismisses his claims against appellees Officer Michael King and
Officer Manuel Pena. (1) Because this Court received the transcript untimely, the Clerk asked that
Carr submit a motion explaining the grounds for continuing the appeal. See Tex. R. App. P.
56(a), 60(a)(2). Carr has submitted a motion to continue the appeal. We will overrule the motion
and dismiss the appeal.

 The district court signed the summary judgment on September 15, 1994. Carr
timely filed an affidavit of inability to pay the costs of appeal and perfected an appeal to this
Court. See Tex. R. App. P. 40(a)(3), 41(a). Because he did not file a motion for new trial, the
transcript was due in this Court on November 14; a motion for extension of time to file the
transcript was due on November 29. Tex. R. App. P. 54(a), (c). The Clerk of this Court
received the transcript on December 9.

 In his motion, Carr asserts that the district clerk did not notify him that the
transcript had been prepared and forwarded to this Court. See Tex. R. App. P. 51(c); Click v.
Tyra, 867 S.W.2d 406, 407 (Tex. App.--Houston [14th Dist.] 1993, orig. proceeding [leave
denied]) (Rule 51 requires clerk to prepare and deliver transcript upon perfection of appeal). The
deputy district clerk has submitted an affidavit that states that she miscalculated the transcript due
date. The deputy district clerk apparently calculated a due date of December 15; therefore, the
transcript was delivered to this Court nearly a month late. Nevertheless, Carr had the burden to
ensure that the district clerk timely delivered the transcript to the Clerk of this Court or to file a
timely motion for an extension of time to file the transcript. Tex. R. App. P. 50(d); Nix v. Fraze,
752 S.W.2d 118, 121 (Tex. App.--Dallas 1988, no writ); Attorney Gen. ex rel. Cal. v. Segree, 694
S.W.2d 383, 384 (Tex. App.--Corpus Christi 1985, no writ).

 This Court has no authority to grant an extension of time to file the transcript even
if we were to consider the motion to continue as a request for an extension. Carr submitted that
motion beyond the time for requesting an extension of time to file a transcript. This Court has
no jurisdiction to consider a late-filed motion for an extension of time to file the transcript. (2) Tex.
R. App. P. 54(c); Migura v. Migura, 730 S.W.2d 18, 19 (Tex. App.--Corpus Christi 1987, no
writ); see Trans-Continental Properties, Ltd. v. Taylor, 717 S.W.2d 890, 891 (Tex. 1986); B.D.
Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982).

 An appellate court may dismiss an appeal for the failure to file the transcript timely. 
Tex. R. App. P. 54(a); see Trans-Continental Properties, 717 S.W.2d at 891; Smith v. Smith, 835
S.W.2d 187, 190 (Tex. App.--Tyler 1992, no writ). Because this Court received the transcript
more that sixty days after the trial court signed the judgment in this cause, we overrule Carr's
motion to continue the appeal and dismiss the appeal.


Before Justices Powers, Kidd and B. A. Smith

Dismissed

Filed: February 22, 1995

Do Not Publish

1. [1]  Carr originally filed suit against the City of Austin, its Mayor Bruce Todd, the City's Police
Commissioner and officers King and Pena. Before rendition of the summary judgment, the
district court struck the portions of Carr's pleadings that asserted claims against the City, Todd
and the Police Commissioner.
2. [2]  In Guillen v. DeLeon, 887 S.W.2d 503 (Tex. App.--San Antonio 1994, no writ h.), the court
accepted the district clerk's letter and affidavit, filed within the Rule 54(c) time limit, as a timely
motion for an extension of time to file the transcript. Id. at 505; see Riviea v. Marine Drilling
Co., 787 S.W.2d 189, 191 (Tex. App.--Corpus Christi 1990, no writ) (appellate court determined
that reporter's request and affidavit met Rule 54(c) requirements). In this cause, however, we
received the deputy district clerk's affidavit on January 6, 1995, more than fifteen days after the
transcript was due. Accordingly, we do not address whether we may consider the affidavit as a
request for an extension.