NO. 07-02-0149-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 7, 2003

_____

LUBBOCK COUNTY CENTRAL APPRAISAL DISTRICT, APPELLANT

V.

JESSE CONTRAREZ, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-730,705; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

OPINION

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

This appeal arises from a judicial foreclosure by the Lubbock Central Appraisal District (the District), pursuant to Chapter 34 of the Tex Code,[2] of tax liens on two tracts of land owned by Jesse Contrarez. A foreclosure sale of the property was held in December 1999. The property was sold for an amount more than sufficient to satisfy the District's liens, as well as the federal tax liens on it. As required by section 34.03(a)(1), the District Clerk notified Contrarez that there were excess proceeds to which he was entitled being held by her office. In the notice, the clerk recited the statutory procedures for obtaining the excess proceeds of a tax sale.

On November 27, 2001, Contrarez consulted with attorney Samuel Brown Silverman about claiming the excess proceeds. As a result of the conversation, in exchange for $450, Contrarez assigned his claim to the proceeds in writing to Silverman. On November 29, 2001, by virtue of the assignment, Silverman filed his claim in this cause for the excess proceeds of the tax foreclosure sale. He attached the written assignment of the proceeds to him from Contrarez to his motion.

On January 3, 2002, a hearing was held on Silverman's motion at which Silverman testified as to the facts concerning the assignment. In the course of his testimony, Silverman said he had told Contrarez he would charge between $1,000 and $2,000 to handle the recovery of the excess. When asked if he had told Contrarez that other attorneys might charge less, Silverman responded that he did not know what other

---

[2]All statutory references will be to the Texas Tax Code Ann. (Vernon 2002), unless otherwise specifically noted.

attorneys would charge. The trial judge then inquired why Contrarez was not present at the hearing. Silverman responded that it was because he did not believe Contrarez had any claim to the excess proceeds. Although Contrarez's signature on the assignment was notarized, the trial judge said he wanted to speak to him "to confirm that he did, in fact, sign this document. Silverman provided the judge with Contrarez's address and the telephone number of Contrarez's daughter.

On March 18, 2002, Silverman filed a motion to enter judgment on his pleading. That motion was heard on March 29, 2002. Contrarez did not appear at the hearing. The trial judge opened the hearing by remarking:

> Mr. Silverman, the court has visited with Mr. Contrarez. The court is of the opinion that you can do one of two things. You can work something out with Mr. Contrarez, or I will refer you to the grievance board because it is the court's opinion that you committed fraud in the conversation you had with Mr. Contrarez.

The trial judge signed an order denying Silverman's motion the same day. Silverman filed a request for findings of fact and conclusions of law and, when they were not timely filed, a notice of past due findings of fact and conclusions of law pursuant to Rule of Civil Procedure 297. However, no such findings and conclusions were ever filed.

Silverman duly perfected this appeal and, in doing so, presents two issues for our determination. They are whether the trial court reversibly erred by failing to 1) release the excess proceeds to him, and 2) file findings of fact and conclusions of law. The District is not a party to the appeal.

3

We initially address Silverman's second issue.  A trial court has a mandatory duty to file findings of fact and conclusions of law when they are requested in compliance with Rule 297 and the failure to do so is presumed to be harmful.  *Cherne Industries, Inc. v. Magallenes*, 763 S.W.2d 768, 772 (Tex. 1989).  The test for harm depends upon the circumstances of the case and whether an appellant would have to guess the reasons for the trial judge's ruling.  *Elizando v. Gomez*, 957 S.W.2d 862, 865 (Tex. App.–San Antonio 1997, pet. denied).

Ordinarily, the remedy for the erroneous failure to file findings of fact and conclusions of law is to abate the appeal for entry of findings and conclusions.  *See Rothwell v. Rothwell*, 775 S.W.2d 888, 890 (Tex. App.–El Paso 1989, no writ).  However, in this particular instance, there is no need for such an abatement because 1) the reason for the court's ruling is clear from the record, and 2) the record fails to show any disputed fact issue for the court's resolution.  *See City of Galveston v. Giles*, 902 S.W.2d 167, 170 n.2 (Tex. App.–Houston [1st Dist.] 1995, no writ) (holding findings of fact are not appropriate in a trial on stipulated facts).

The evidence is undisputed that Silverman is the assignee of Contrarez's claim to the excess proceeds and that he claimed those proceeds in compliance with the applicable statutory requirements.[3]  The trial court's stated reasons for denying Silverman's claim was

---

[3]Section 34.04 of the Tax Code was amended after the foreclosure and sale but before the assignment to Silverman.  The amendment added subsections (e) through (l).  Silverman's assignment contains each of the additional requirements imposed by subsection (f) of the current statute.

that Silverman had committed fraud in connection with obtaining the assignment. The judge's conclusion was apparently based upon an *ex parte* conversation with Contrarez. The contents of the conversation are not shown in the record, nor does it show that the statement was made under oath. In reviewing the trial court's actions, we may not consider matters that are outside the record. *Cushnie v. State Bar of Texas,* 845 S.W.2d 358, 361 (Tex. App.–Houston [1st Dist.] 1992, writ denied).

Because the only record before us conclusively establishes Silverman's right to the excess proceeds, we must, and do, hereby reverse the trial court's order and render judgment for Silverman for the excess proceeds held by the district clerk. Tex. R. App. P. 43.2(c).

John T. Boyd
Senior Justice