11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                          Order


                                                                              

Harshad Panchal 

Appellant

Vs.                   No.
11-02-00234-CV --  Appeal from Collin County

Sonali Panchal 

Appellee

 

This
appeal arises from a divorce proceeding. 
Appellant raises four points of error. 
He asserts in his first point that the trial court failed to enter
sufficient findings of fact and conclusions of law.  The second point addresses the trial court=s division of community property.  Appellant=s third point attacks the trial court=s award of various items of property to appellee as her separate
property.   The fourth point challenges
the issuance of a permanent injunction against appellant.   

Appellant
contends in his first point that the trial court failed to enter findings of
fact and conclusions of law as required by TEX. FAM. CODE ANN. ' 6.711 (Vernon Supp. 2003).  Section 6.711 reads as follows:

(a) In a
suit for dissolution of a marriage in which the court has rendered a judgment
dividing the estate of the parties, on request by a party, the court shall
state in writing its findings of fact and conclusions of law concerning:  

 

(1) the
characterization of each party=s assets, liabilities, claims, and offsets on which disputed evidence
has been presented; and

 

(2) the
value or amount of the community estate=s assets, liabilities, claims, and offsets on which disputed evidence
has been presented.

 

(b) A
request for findings of fact and conclusions of law under this section must
conform to the Texas Rules of Civil Procedure.

 








Appellant timely filed
his request for findings of fact and conclusions of law.  His final request specifically referenced
Section 6.711.  The only findings of
fact and conclusions of law that the trial court entered regarding the division
of the parties= estate read as follows:

14. 
The Court found that the parties had obtained and possessed community property
and debts.  The Court divided the
community property in a fair and equitable manner, pursuant to the Texas
Constitution, Article 16, Section 15, and the Texas Family Code, Section 3.

 

15. 
The Court found and confirmed that the parties possessed separate
property.  The Court awarded said
property to that party so entitled, pursuant to the Texas Family Code.

 

The trial
court did not make any findings of fact or conclusions of law regarding the
characterization and value of each party=s assets, liabilities, claims, and offsets.  Upon proper request, Section 6.711 requires that these findings
and conclusions be made with respect to Aeach party=s
assets, liabilities, claims, and offsets on which disputed evidence has been
presented.@ (Emphasis added).  Disputed evidence was presented on only a few items of the
parties= property. 
These items included:

A.  The value of the parties= business;

B.  The value of the parties= stock portfolio; and[1]

C.  The amount, if any, which the trial court
awarded for reimbursement claims.

The
failure of the trial court to file sufficient findings of fact and conclusions
of law when properly requested is presumed to be harmful unless the contrary
appears on the face of the record. 
Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex.1996).  Error is harmful if it prevents an appellant
from properly presenting a case to the appellate court.  TEX.R.APP.P. 44.1(a)(2).  Appellant asserts in his second point that
the trial court failed to divide the community estate in a just and right
manner.  The values determined by the
trial court for the three property items listed above affect the presentation
of appellant=s challenge to the division of the community
estate.  








The remedy
for the erroneous failure to file findings of fact and conclusions of law is to
abate the appeal for entry of proper findings and conclusions.  Lubbock County Central Appraisal District v.
Contrarez, 102 S.W.3d 424, 426 (Tex.App. B Amarillo 2003, no pet=n).  The trial court is directed
to enter findings of fact and conclusions of law with respect to the following
property items:

A.  The value of the parties= business;

B.  The value of the parties= stock portfolio; and 

C.  The amount, if any, which the trial court
awarded for reimbursement claims.

The clerk
of the trial court is directed to prepare and forward to this court a
supplemental clerk=s
record containing the trial court=s findings of fact and conclusions of law.  The supplemental clerk=s record is due to be filed in this court on or before August 4,
2003.  Upon the filing of the supplemental
clerk=s record, the appeal will be reinstated; and
the parties will be given an opportunity to supplement their briefs.

The appeal
is abated.

 

PER
CURIAM

 

July 10, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.

 











     [1]Appellant testified that the value of the parties= stock portfolio varied between $20,000 and
$80,000.  The record does not indicate
the value which the trial court attributed to the stock portfolio.