Opinion issued May 12, 2005






















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00261-CV




N.K. RESOURCES, INC., Appellant

V.

SHELDON ROAD MUNICIPAL UTILITY DISTRICT, Appellee




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2001-62864




MEMORANDUM OPINION
          This is an appeal from the trial court’s denial of appellant, N.K. Resources,
Inc.’s (“N.K. Resources”) claim to excess proceeds of a tax foreclosure sale of
property it owned at the time of sale. On appeal, the issues are (1) whether N.K.
Resources, as the owner of real property at the time of a tax foreclosure sale, is
entitled to the excess foreclosure proceeds and (2) whether section 34.04(f) of the
Texas Tax Code applies to the sale of real property prior to the tax foreclosure sale? 
We affirm.
BACKGROUND
            On January 1, 2003, final default judgment was entered against Michelle Cason
and Washington Mutual Bank. The default judgment authorized a judicial
foreclosure sale of real property located at Lot 31, Block 5, Sheldon Woods, Section
2, in Harris County (“foreclosed property”), which was owned by Cason at the time
of the judgment, to satisfy a property tax judgment of Sheldon Municipal Utility
District and other taxing units in Harris County, who were the plaintiffs below. On
June 29, 2003, Michelle Cason conveyed to N.K. Resources the foreclosed property
pursuant to a warranty deed. The deed to N.K. Resources provides that “all causes
of action, claims, rights of redemption, claim for excess/deficiency funds and any
other rights whatsoever” were conveyed to N.K. Resources. Cason, through the deed,
conveyed all rights and benefits of ownership of the property to N.K. Resources. 
Cason also signed a sworn affidavit on June 29, 2003, stating that she “deeded the
property to N.K. resources, Inc.” [sic] and she “will not demand any part of the excess
proceeds or profit from sale of the house.”
          On July 1, 2003, appellant claims the foreclosed property was sold at a tax
foreclosure sale pursuant to the final default judgment. The sale generated excess
foreclosure proceeds. As the title owner of the foreclosed property at the time of the
foreclosure sale, N.K. Resources filed a motion to claim excess proceeds under Tax
Code section 34.04(a) in the trial court. Tex. Tax Code Ann. § 34.04(a) (Vernon
2001). The trial court denied N.K. Resources claim for the excess proceeds. This
appeal followed. 
DISCUSSION
          In its two issues presented, appellant contends that the trial court erred by
denying its claim for excess proceeds because N.K. Resources was the owner of the
foreclosed property at the time of the tax foreclosure sale and was, thereby, entitled
to the excess foreclosure proceeds. Appellant also contends that section 34.04(f) of
the Tax Code is not applicable to a sale of real property that occurs prior to the tax
foreclosure sale. Tex. Tax Code Ann. § 34.04(f) (Vernon Supp. 2004-2005). No
brief was filed on behalf of any appellee. 
          Section 34.04 of the Tax Code provides that a person may “file a petition in the
court that ordered the seizure or sale setting forth a claim to the excess proceeds.” 
Tex. Tax Code Ann. § 34.04(a) (Vernon Supp. 2004-2005). It also sets out a
hierarchical order among claimants from which the excess proceeds shall be paid. 
The tax sale purchaser; a taxing unit that is still owed taxes, penalties or interest after
the date of the judgment; or any lienholders have a greater claim to be paid out of the
excess proceeds than a former owner of the real property. Tex. Tax Code Ann. §
34.04(c) (Vernon Supp. 2004-2005). 
          Section 34.04(f) of the Tax Code lists a number of requirements before one can
take an assignment of an owner’s claim to excess proceeds. Tex. Tax Code Ann. §
34.04(f) (Vernon Supp. 2004-2005). Section 34.04(f) is applicable only to an
assignment of excess foreclosure proceeds given after the tax foreclosure sale by one
who was the owner of the property-to-be-foreclosed at the time of the foreclosure
sale. Section 34.04(f) is not applicable to conveyances of real property prior to that
tax foreclosure sale because the subject of section 34.04(f)–excess foreclosure
proceeds–do not exist until after the actual tax foreclosure sale has occurred. Before
the sale, no excess proceeds exist and uncertainty remains about whether any excess
proceeds will ever exist until the foreclosure sale occurs. Therefore, section 34.04(f)
should be interpreted to apply only to assignments of the right to the excess proceeds
once a sale has occurred. See, e.g. Lubbock County Cent. Appraisal Dist. v.
Contrarez, 102 S.W.3d 424, 426 (Tex. App.—Amarillo 2003, no pet.) (court sought
to determine if claimant had fulfilled section 34.04(f)’s requirements after having
been assigned an interest in the excess proceeds after the foreclosure sale took place);
Loera v. Interstate Inv. Corp., 93 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.]
2002, pet. denied). 
          The record does not indicate the date of the tax foreclosure sale. The appellant
contends that it was July 1, 2003, two days after Cason assigned her interest to N.K. 
Resources. At the trial court hearing, however, N.K. Resources offered no evidence
to support its contention. Thus, because the record did not demonstrate who owned
the foreclosed property at the time of the sale, the trial court properly denied the
request for excess proceeds.
CONCLUSION
          We affirm the trial court’s judgment.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.