NO. 07-08-0006-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 23, 2008
______________________________

In the Matter of the Marriage of MARY PALACIOS
and JESUS PALACIOS and In the Interest
of LORENA PALACIOS, A Child
                                    _________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,385; HON. JIM BOB DARNELL, PRESIDING
_______________________________

On Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Jesus Palacios (Jesus) appeals from a final judgment divorcing him from Mary
Palacios (Mary) and dividing property. Through three issues, he effectively contends that
the trial court’s failure to enter findings of fact and conclusions of law prevents him from
assessing the legitimacy of the property division. We abate and remand.
          Background
          Mary and Jesus were married on October 25, 1998. They separated in September
of 2005, and the divorce proceeding was initiated that same month. The trial court held
a hearing wherein Mary, Jesus and their son, Jesse testified. The issues before it
encompassed the division of the marital estate and the determination of what property,
if any, was separately owned. The trial court divided the property. Mary received the
marital residence and a salon business while Jesus received property located in Mexico. 
Jesus now appeals, asking that the appeal be abated so that the trial court can enter
findings of fact and conclusions of law supporting its property division. 
          Authority 
          Section 6.711 of the Texas Family Code states that 
(a) In a suit for dissolution of a marriage in which the court has
rendered a judgment dividing the estate of the parties, on request by
a party, the court shall state in writing its findings of fact and
conclusions of law concerning:
 
 (1) the characterization of each party's assets, liabilities, claims, and
offsets on which disputed evidence has been presented; and 
 
 (2) the value or amount of the community estate's assets, liabilities,
claims, and offsets on which disputed evidence has been presented. 
Tex. Fam. Code Ann. §6.711(a) (Vernon 2006). The request, however, “. . . must conform
to the Texas Rules of Civil Procedure.” Id. §6.771(b). Jesus complied with the latter; yet,
the trial court filed no findings or conclusions. 
          The failure of the trial court to file sufficient findings of fact and conclusions of law
when properly requested is presumed to be harmful unless the contrary appears on the
face of the record. Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex.1996). From the face of
the record before us, we cannot say that the trial court’s omission was harmless. Thus,
the appropriate remedy is to abate the appeal for entry of proper findings and conclusions. 
 Lubbock County Central Appraisal District v. Contrarez, 102 S.W.3d 424, 426 (Tex.
App.–Amarillo 2003, no pet.). 
          Accordingly, we abate this appeal. We further direct the Honorable Jim Bob
Darnell, judge of the 140th Judicial District Court, Lubbock County, Texas, to execute
findings of fact and conclusions of law in this cause as required by §6.711 of the Texas
Family Code. We also direct him to execute his findings and conclusions and file them
with the clerk of this court, via a supplemental clerk’s record, on or before October 23,
2008. Upon the filing of the supplemental clerk's record containing the findings and
conclusions, the appeal will be reinstated, and the parties will be given an opportunity to
supplement their briefs.
          It is so ordered.
 
 
                                                                                      Per Curiam